IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**PHYLLIS L HARRIS**                                                                                                    **PLAINTIFF**

v.                                          Case No.: 4:21-CV-01166-LPR

**KILOLO KIJAKAZI, Acting Commissioner,**
**Social Security Administration**                                                                                **DEFENDANT**

## ORDER

Before the Court is Plaintiff's motion for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).  Doc. 15.  Plaintiff requests an award of $5,896.90, representing 27.05 hours of work performed during 2021-2022 at an hourly rate of $218.  Plaintiff has submitted information from the U.S. Department of Labor's Consumer Price Index (CPI) to justify the hourly rates sought in her motion.  *See* Docs. 15-2, 15-3, 15-4.  The Commissioner concedes that Plaintiff is entitled to attorney fees and does not object to the number of hours submitted or the hourly rate requested.  Doc. 17.

Under the EAJA, a prevailing social security claimant is entitled to an award of reasonable attorney fees and expenses unless the Court determines that the Commissioner's position was "substantially justified" or special circumstances would make an award unjust.  28 U.S.C. § 2412(d)(1)(A).  Attorney fees may not be awarded in excess of $125 per hour unless the Court determines that a higher fee is justified based on an increase in cost of living or another special factor.  *Id*. § 2412(d)(2)(A).  Information from the CPI constitutes "proper proof" of increased cost of living that can justify a higher fee award, and its use "should result in consistent hourly fee awards in each case."  *Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990).  After reviewing the submitted CPI information as well as prior EAJA fee awards in this district, the Court believes

that the requested hourly rate of $218 will provide reasonable compensation for the work performed in this case.

No objection is made to the number of hours requested, but a review of counsel's itemization demonstrates that the request should be slightly reduced. One of the billing entries for December 7, 2021, reflects a phone conference regarding "whether to appeal [the client's] case to federal district court." Doc. 15-1 at 5. But Plaintiff had already filed her Complaint in this matter a week before this entry was recorded. Because this billing entry appears to be misattributed from another case, the Court will not award fees for the associated 0.5 hours of work.

Based on the above, the undersigned awards Plaintiff attorney fees under the EAJA for 26.55 hours of work (27.05 minus 0.5) at the requested rate of $218 per hour.

Accordingly, Plaintiff's motion (Doc. 15) is GRANTED as modified. Plaintiff is hereby awarded $5,787.90 in attorney fees pursuant to the EAJA. Consistent with the Commissioner's usual procedure in light of *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010), payment of the EAJA fees should be issued by check to the order of Plaintiff, in care of her attorney, and mailed directly to Plaintiff's attorney.

IT IS SO ORDERED this 1st day of September 2022.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE